UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERKLEY SPECIALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>50 VERNON STREET DEVELOPMENT LLC<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## **INTRODUCTION**

This is an action for declaratory judgment and related relief. It arises out of the collapse of a three-story building (the "Building") owned by 50 Vernon Street Development LLC ("VSD") in Brookline, Massachusetts. At the time of the collapse, the Building was being renovated by a general contractor Intelligent Design & Build, LLC ("IDB"). No suits have been filed against VSD, but several neighbors to the Building represent that their properties were damaged by the collapse.

VSD is insured under two policies issued by Berkley Specialty Insurance Company ("BSIC"). Neither of the policies provides coverage in the absence of a suit. They provide premises coverage only, and they explicitly exclude coverage for property damage arising out of "renovation, alteration, remodeling, repair" and other construction operations. Despite these policy terms, and despite the absence of any "suit" against it, VSD has demanded that BSIC defend and resolve the neighbors' claims. BSIC seeks a declaration that it has no present obligation.

## PARTIES

1. BSIC is an insurance company. It is incorporated in the State of Delaware with its principal place of business in Scottsdale, Arizona. BSIC issued Commercial General Liability Policy No. CGL 02111127 - 20 [eff. 1/19/24 - 1/19/26] (the "Primary Policy") and Commercial Excess Policy No. CX 02111128-20 [eff. 1/19/24 - 1/19/26] (the "Excess Policy") (the Primary Policy and the Excess Policy are collectively referred to as the "Policies") to VSD as First Named Insured.

2. VSD is a limited liability company. It is organized in Massachusetts with its principal place of business in Boston; and is the First Named Insured under the Policies above. On information and belief, its principal member is Matthew Ramey.

3. Mr. Ramey is a Massachusetts resident. On information and belief, no members of VSD are residents or citizens of Arizona or Delaware.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1332, because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(2) because VSD is located and has its headquarters in Massachusetts, and because a substantial part of the events giving rise to the parties' dispute occurred here.

## FACTUAL BACKGROUND

### The Building Collapse

6. VSD owns the Building, which is a three-story residential property in Brookline, Massachusetts. At some point VSD retained an architect to convert the Building to condominiums.

The project involved a gut renovation of the Building's three existing floors, and the addition of a fourth floor.

7. Sometime in 2024, VSD hired IDB as the general contractor to execute the building renovation. On February 16, 2025, while under construction, the Building collapsed. The cause of the collapse is not clear. A snowfall had occurred shortly before, and it has been hypothesized that snow on the roof may have been a factor. However, no other buildings in the area collapsed under the weight of the snow at that time. A party who was seeking to find fault, and attribute the collapse to another party's culpable negligence, might plausibly assert architectural error, improper engineering, or the ongoing construction at the Building as potential factors.

8. Regardless of cause, the collapse of the Building allegedly caused damage or loss of use of various neighbors' properties. VSD has directed these neighbors to BSIC, its liability insurer. To date, no lawsuits have been filed against VSD, and none of the neighbors have set forth a theory as to VSD's alleged responsibility for the collapse.

### The BSIC Policies

9. When VSD applied for commercial liability coverage in November 2023, it was offered a choice of coverages related to the Building. On the one hand, it could choose premises liability coverage, with construction-related liabilities excluded. On the other hand, it could choose contingent construction coverage, which covered some construction-related liabilities on an excess basis.

10. VSD chose premises-only coverage, which came at a lower premium. BSIC then issued the Policies, for an initial period expiring January 19, 2025.

11. In January 2025, the Policies were approaching expiration. VSD approached BSIC about extending the Policy period. BSIC agreed to do so. Before it did, however, BSIC explicitly re-confirmed VSD's awareness that the Policies did not cover construction-related liabilities.

### VSD's Insurance Claim

12. The collapse of the Building occurred less than a month later, on February 16, 2025. In the weeks that followed, several neighbors to the Building came forward to assert claims for damage resulting from the incident. VSD directed these neighbors to BSIC. It demanded that BSIC defend and settle the neighbors' claims.

13. On April 16, 2025, BSIC, through counsel, sent a letter denying any responsibility for these claims (the "Letter"). In explaining its position, BSIC pointed to the Primary Policy Insuring Agreement, which said

> We will pay those sums that the insured becomes **legally obligated to pay as damages** because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured **against any 'suit'** seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result.

(Emphasis added.) The Letter also pointed to the Policy's definition of "suit," as:

> a civil proceeding in which damages because of "bodily injury,' 'property damage,' or 'personal and advertising injury' to which this insurance applies are alleged. 'Suit' includes [1] an arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or [2] any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

The Letter observed that no neighbor had yet filed "suit" related to the collapse, and VSD had not been "legally obligated to pay [any amounts] as damages." As a result, the Letter explained, BSIC had no present coverage obligations.

14. BSIC's Letter also pointed to a Construction Operations Exclusion, appearing in the Primary Policy, which had been inserted as a result of VSD's choice of premises-only coverage. The Exclusion said:

> This insurance does not apply to [1] '[b]odily injury,' 'property damage,' 'personal or advertising injury' or medical payments arising out of any 'construction operations' performed by you or on your behalf; [or] [2] costs and expenses to investigate or defend any claim, 'suit,' or payment of any fine or penalty for Paragraph a (1), above.

It defined "construction operations" to mean, with respect to real property:

> surveying, site preparation, grading of land, excavation, debris removal, soil compaction, tree clearing, demolition, reconstruction, renovation, alteration, remodeling, repair, service, improvement and any other 'pre-construction' and any other 'construction' and any other 'post-construction' [activities].

The Letter observed that the cause of the Building's collapse was still under investigation, and that suits -- if eventually filed -- appeared likely to implicate construction operations as one of the causes. To the extent they did, the Letter explained, BSIC would have no coverage obligations as to these claimants.

15. BSIC's Letter also pointed to a Professional Services Exclusion, appearing in the Primary Policy, which said in relevant part:

> This insurance does not apply to '[b]odily injury,' 'property damage,' 'personal or advertising injury' or medical payments arising out of the rendering of or failure to render any professional services by you or on your behalf.
>
> Professional services includes:
>
> a. Any error, omission, defect or deficiency in any test performed; or
>
> b. Any evaluation, consultation of advice; or
>
> c. The reporting of or reliance upon any such test evaluation, consultation or advice; or
>
> d. The preparing, approving, or failure to prepare or approve maps, shop drawings, opinions, surveys, field orders, change orders, designs, or drawings and specifications; or

    e.  Supervisory, inspection or quality control activities performed as part of any related architectural or engineering activities.

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily injury' or 'property damage' or the offense which caused the 'personal and advertising injury,' involved the rendering of or failure to render any professional services by you or any engineer, architect or surveyor who is either employed by you or performing work on your behalf in such capacity.

Again, the Letter observed, the cause of the collapse was still under investigation, and it seemed likely that any suits would implicate architectural or engineering error as one of the causes. If so, the Letter explained, BSIC would have no coverage obligations as to these claimants.

16.    Finally, the Letter pointed to language in the BSIC Excess Policy, which made clear that if there was no coverage under the Primary Policy, there could be no coverage under the Excess Policy either.

### Chapter 93A Demand

17.    On June 27, 2025, VSD's counsel responded to BSIC's Letter. In its response, VSD accused BSIC of violating M.G.L. ch. 93A and 176D and "demand[ed] that BSIC immediately agree to tender all pre-suit claims for property damage asserted by neighbors of the [Building]."

18.    BSIC responded to VSD's demand on August 25, 2025. In its response, it reiterated the Policy language above.

19.    BSIC now seeks a declaration that it has no present coverage obligations related to the claims contemplated and/or submitted by the neighboring Building property owners, and no liability to VSD under M.G.L. ch. 93A.

### COUNT I
### Declaratory Judgment
### No Pre-Suit Duty to Defend

20.    BSIC realleges and incorporates the foregoing allegations as if set forth herein.

21. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, BSIC is entitled to a determination concerning the parties' rights and obligations, if any, under the BSIC Policies.

22. Specifically, BSIC is entitled to a declaration that it has no duty to defend or settle any neighbor's claims against VSD without a "suit" being filed.

23. There exists an actual and justiciable controversy on this matter, as to which BSIC has no adequate remedy at law.

### COUNT II
### Declaratory Judgment
### Policy Exclusions

24. BSIC realleges and incorporates the foregoing allegations as if set forth herein.

25. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, BSIC is entitled to a determination concerning the parties' rights and obligations, if any, under the BSIC Policies.

26. Specifically, BSIC is entitled to a declaration that it has no duty to defend or settle any "suit" against VSD, insofar as the "suit" alleges liability falling within the Construction Operations Exclusion, the Professional Services Exclusion, or any other exclusion, condition, or limitation from coverage contained within the Policies.

27. There exists an actual and justiciable controversy on this matter, as to which BSIC has no adequate remedy at law.

### COUNT III
### Declaratory Judgment
### No MGL ch. 93A Liability

28. BSIC realleges and incorporates the foregoing allegations as if set forth herein.

29. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, BSIC is entitled to a determination concerning the parties' rights and obligations, if any, under the BSIC Policies.

30. Specifically, BSIC is entitled to a declaration that its conduct as to VSD, its denial of coverage in the absence of "suit," and its reliance upon the Construction Operations Exclusion and the Professional Services Exclusion, do not give rise to liability under M.G.L. ch. 93A or 176D.

31. There exists an actual and justiciable controversy on this matter, as to which BSIC has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, BSIC prays for judgment as follows:

A. On Count I, a declaration that BSIC has no duty to defend or settle any pre-suit claims against VSD;

B. On Count II, a declaration that BSIC has no duty to defend or indemnify VSD, as a result of the exclusions of the Policies, including, but not limited to, the Construction Operations Exclusion and the Professional Services Exclusion.

C. On Count III, a declaration that BSIC has no liability to VSD under M.G.L. ch. 93A or 176D.

D. Such other and further relief as is just and proper.

                Respectfully submitted,

                BERKLEY SPECIALTY INSURANCE COMPANY

                By counsel,

                /s/ Eric B. Hermanson_____
                Eric B. Hermanson (BBO #560256)
                Austin D. Moody (BBO #704315)
                WHITE AND WILLIAMS LLP
                101 Arch Street, Suite 1930
                Boston MA  02110-1103
                Telephone: (617) 748-5200
                Fax: (617) 748-5201
                hermansone@whiteandwilliams.com
                moodya@whiteandwilliams.com

Dated: August 25, 2025

**CERTIFICATE OF SERVICE**

I, Austin D. Moody, certify that a true and correct copy of the foregoing document was filed through the ECF system and served electronically to all registered participants as identified on the Notice of Electronic Filing on this 25th day of August, 2025.

*/s/ Austin D. Moody*
Austin D. Moody
